**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tommy LOVE, Defendant–Appellant.**

No. 03–3747.

United States Court of Appeals, Seventh Circuit.

Argued April 21, 2004.

Decided June 30, 2004.

David Reinhard, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

John K. Smerlinski, Madison, WI, for Defendant–Appellant.

Before COFFEY, MANION, and KANNE, Circuit Judges.

### ORDER

Tommy Love pleaded guilty to one count of possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court determined that Love's relevant conduct included 113 grams of cocaine base from an uncompleted drug transaction. In this appeal Love challenges the district court's drug-quantity calculation. We affirm.

On two dates in early March 2003, the Drug Enforcement Administration in Madison, Wisconsin, recorded telephone conversations between a confidential informant and Love about purchasing cocaine base. On both dates, after these phone conversations, the informant met with Love and purchased cocaine base from him. A few weeks later, the DEA recorded more phone conversations between Love and the informant, in which Love agreed to sell the informant 113 grams of

cocaine base[1] for $4,500 at an arranged time and place. On the arranged date, surveillance officers observed Love leave his residence and drive in the direction of the arranged meeting place. On the way, Love was stopped by local police conducting a routine traffic stop. When an officer asked Love to step out of his car, he sped off. The police pursued Love about half a mile before he pulled over and got out of the car. During a subsequent police search, a drug-detecting dog alerted to the odor of narcotics between the front passenger and driver seats, but no drugs were found. A few days later Love met with the confidential informant at a Laundromat and told her that he had been stopped by police en route to their arranged meeting, and that he had thrown the drugs out the car window while fleeing from police.

Based on this evidence, a federal grand jury returned a three-count indictment against Love, charging him with possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Love pleaded guilty to one count, and the other two counts were dismissed. At sentencing Love conceded possessing 80 grams of cocaine base, but objected to the Presentence Report's recommendation to hold him accountable for 113 grams of cocaine base from the attempted controlled buy. Love argued that the government was improperly relying on statements he made during a proffer about his drug activities. Shortly before he pleaded guilty, Love met with DEA agents and disclosed information about his drug activities, in hopes of gaining favorable treatment from the government. At sentencing Love claimed that the government was using immunized statements he had made during his proffer to hold him ac-

countable for the 113 grams of cocaine base from the attempted buy. Love also argued that the government could not prove by a preponderance of the evidence that he had possessed the 113 grams of cocaine base. The district court rejected Love's arguments, concluding that even without considering the statements Love made during his proffer, the evidence, including Love's recorded statements to the confidential informant, supported a finding that his relevant conduct included the 113 grams from the attempted controlled buy. The court's drug quantity calculation, adjusted for acceptance of responsibility, yielded an offense level of 31. This offense level, coupled with a criminal history category of III, resulted in a sentencing range of 135 to 168 months. The court sentenced him to 141 months' imprisonment, five years of supervised release, and a $100 special assessment. Love appealed.

This court reviews a district court's drug quantity calculation for clear error, *United States v. White*, 360 F.3d 718, 720 (7th Cir.2004) (per curiam), and will affirm unless it is left with a "definite and firm conviction that a mistake has been made." *United States v. Fudge*, 325 F.3d 910, 919–20 (7th Cir.2003). At sentencing, the government must prove the relevant drug quantity by a preponderance of the evidence. *White*, 360 F.3d at 720. In determining drug quantity, the district court will count drug amounts included in the offense of conviction, as well as other amounts that were part of the same course of conduct. *See United States v. Martinez*, 289 F.3d 1023, 1027 (7th Cir.2002). The Sentencing Guidelines allow a sentencing court to include drug amounts from negotiated but uncompleted drug transactions. *See* U.S.S.G. § 2D1.1, Appli-

---

1. At some points in the briefs the parties refer to the drug quantity as four ounces and at other points as 113 grams. The two amounts are identical, but for simplicity we refer to the drug quantity only in terms of grams.

cation Note 12; *United States v. Corral,* 324 F.3d 866, 871 (7th Cir.2003).

Love first argues that the district court erred in holding him accountable for the 113 grams of cocaine base from the attempted buy; he believes that the court improperly relied on statements he made during his government proffer. Prior to the proffer, the parties signed an agreement providing that the government would not make direct use of Love's statements either at trial or sentencing. Love asserts that the government improperly used his statements from the proffer to increase his sentence by including the 113 grams of cocaine base from the attempted buy. But Love's argument has no basis in the record. Contrary to Love's assertions, the district court did not rely on statements he made during his proffer. The PSR indicates that the inclusion of the drugs was based on other evidence, including his own recorded statements offering to sell the informant 113 grams of cocaine base; his flight from law enforcement on the day of the controlled buy; the police dog's detection of narcotics in his car; and his admission to the informant that he had thrown the drugs out his car window. At sentencing, the government reiterated that there was significant evidence in the record—aside from any statements Love made at his proffer—to support inclusion of the drugs from the attempted buy. The district court agreed. Thus, we reject Love's argument.

Love also argues that the government failed to prove by a preponderance of the evidence that he possessed the 113 grams of cocaine base. He asserts that the court erred in relying on the hearsay statement of the confidential informant, since she did not testify and her reliability "was never established in any proceedings." The Federal Rules of Evidence do not apply at sentencing, however, and the

judge can consider a wide range of information that would not be admissible at trial, including hearsay, provided that the information is reliable. *See White,* 360 F.3d at 720; *Martinez,* 289 F.3d at 1028; *United States v. Galbraith,* 200 F.3d 1006, 1011–12 (7th Cir.2000). Reliability is not judged by an exacting standard; this court has observed that a sentencing court may properly credit statements "from an admitted liar, convicted felon, or large scale drug-dealing, paid government informant." *White,* 360 F.3d at 720 (internal citation omitted).

Love relies heavily on this court's opinion in *United States v. Robinson,* 164 F.3d 1068, 1070 (7th Cir.1999), in which the court found that the sentencing court had improperly considered unreliable hearsay statements in calculating drug quantity. The *Robinson* court observed that the witness's statements were uncorroborated and nonsensical. *Robinson,* 164 F.3d at 1070–71. *Robinson* is distinguishable from this case. Here there is nothing nonsensical about the confidential informant's statements, and the statements are corroborated by other evidence, including Love's own recorded phone conversations, his flight from police, and the police dog's detection of narcotics in his car. This court has upheld the use of hearsay statements at sentencing hearings, like those at issue here, that are internally consistent and corroborated by other evidence. *See Martinez,* 289 F.3d at 1029 (hearsay statement reliable for sentencing purposes where police independently verified numerous details of witness's account); *United States v. Morrison,* 207 F.3d 962, 967–68 (7th Cir.2000) (sentencing court properly relied on hearsay statements of witnesses that were internally consistent and corroborated by other evidence); *Galbraith,* 200 F.3d at 1013 (witness's statement bore indicia of reliability, namely,

"facts and details"). Nor is there any requirement that a sentencing court actually hear testimony from a witness before crediting his or her statements. *See Morrison*, 207 F.3d at 967; *see also Szabo v. Walls*, 313 F.3d 392, 398 (7th Cir.2002) (defendant has no Confrontation Clause rights at sentencing).

For these reasons, the judgment of the district court is AFFIRMED.