NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 10, 2007
Decided October 11, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-1124

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>KENNETH "RANDY" SHUFF,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Central<br>District of Illinois<br><br>No. 06-30001-001<br><br>Jeanne E. Scott,<br>*Judge.* |

**O R D E R**

Kenneth "Randy" Shuff, a convicted felon, was arrested after his then-wife contacted authorities and led them to a wooden cabinet in the garage where Shuff stored two shotguns and a rifle. Shuff was referred to federal authorities and pleaded guilty to possession of firearms by a felon. *See* 18 U.S.C. § 922(g). At sentencing the district court calculated a guidelines imprisonment range of 46 to 57 months and imposed a 48-month sentence. Shuff filed a notice of appeal, but appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous ground for appeal. Shuff did not accept our invitation to respond to his lawyer's submission. *See* Cir. R. 51(b). Limiting our review to the potential issue identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), we grant counsel's motion and dismiss the appeal.

In his *Anders* submission, counsel identifies the voluntariness of Shuff's guilty plea as the sole potential ground for appeal. According to counsel, Shuff might argue that the magistrate judge who conducted the plea colloquy for the district court's review failed to comply with Federal Rule of Criminal Procedure 11, or that trial counsel rendered ineffective assistance by advising Shuff to plead guilty. We have held that, in an *Anders* submission, counsel should not explore potential challenges to a guilty plea unless the appellant wants the plea set aside. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2001); *see also Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006) (explaining that appellant who pleaded guilty can show ineffective assistance of counsel only by proving that, absent deficient performance, "he would not have pled guilty, but would have insisted on going to trial"). Despite having interviewed Shuff, counsel does not explicitly represent that Shuff wishes to have his guilty plea vacated. *Cf. United States v. Torres*, 482 F.3d 925, 925 (7th Cir. 2007). More significantly, though, counsel does not point to any deficiency in the Rule 11 colloquy, or any evidence of a professional lapse by trial counsel, that could undermine Shuff's plea on direct appeal even if Shuff does want the plea set aside. Counsel instead says that the plea colloquy substantially complied with Rule 11, and we agree. *See United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003). With respect to trial counsel's advice, even if Shuff is unhappy with trial counsel's performance due to some shortcoming that is not apparent from this record, claims of ineffective assistance are better suited to a collateral proceeding under 28 U.S.C. § 2255 where a fuller record may be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

For the foregoing reasons, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.