NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 22, 2013
Decided May 23, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2901

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CR-00064 |
| RUBEN GAONA, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

Ruben Gaona, along with an older brother and other participants, engaged in a longstanding conspiracy to distribute cocaine and marijuana. Gaona and his associates obtained these drugs in Texas and transported them to Milwaukee, Wisconsin, for distribution. Gaona would then direct family members to wire the proceeds from his drug sales back to associates in Texas. Gaona pleaded guilty to conspiring to possess and distribute cocaine and marijuana. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court calculated a guidelines imprisonment range of 151 to 168 months, but sentenced Gaona below that range to the statutory minimum, which was 120 months since the charged conspiracy involved 5 to 15 kilograms of cocaine. *See id.* § 841(b)(1)(A)(ii).  Gaona filed a notice of appeal, but his appointed lawyer asserts that the possible appellate claims are

frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Gaona has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

We note that counsel omits discussion about the change-of-plea hearing but does not say that Gaona, after consultation, elected to forgo any challenge to his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But we are convinced that any challenge to the plea colloquy or the voluntariness of Gaona's guilty plea would be frivolous because the transcript of the plea colloquy demonstrates the district court's substantial compliance with Federal Rule of Criminal Procedure 11(b). *See Konczak*, 683 F.3d at 349. The district court explained the rights Gaona would relinquish by pleading guilty, advised him of the consequences of his plea, ensured that it was voluntary, and determined that a factual basis for the plea existed. *See* FED. R. CRIM. P. 11(b); *United States v. Blalock,* 321 F.3d 686, 688–89 (7th Cir. 2003).

Counsel does address whether Gaona could challenge his prison sentence. But Gaona acknowledged in his plea agreement and again during the plea colloquy that the 10-year term he received is the statutory minimum. The district court lacked discretion to go lower because the government had not moved for a reduction under 18 U.S.C. § 3553(e), and neither was Gaona eligible for the "safety valve," *see id.* § 3553(f); U.S.S.G. § 5C1.2(a). Gaona had conceded that his role in directing family members to wire drug proceeds justified classifying him, at least, as a manager or supervisor, *see* U.S.S.G. § 3B1.1(b); *United States v. Cerna*, 676 F.3d 605, 608–09 (7th Cir. 2012), making him ineligible for safety-valve relief, *see* 18 U.S.C. § 3553(f)(4); *United States v. Martinez*, 520 F.3d 749, 751 (7th Cir. 2008). Thus, any appellate claim about the length of the sentence would be frivolous.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.