In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-1832

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TERRANCE E. BLALOCK,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01-CR-40017—**J. Phil Gilbert**, *Judge.*

ARGUED FEBRUARY 10, 2003—DECIDED MARCH 6, 2003

Before POSNER, MANION, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* After an investigation into a Mount Vernon, Illinois drug-trafficking organization, Terrance E. Blalock was charged with conspiring to possess and distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, as well as three counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Blalock pleaded guilty to these charges without benefit of a plea agreement and, at 21 years of age, was sentenced to 480 months imprisonment. He now appeals, challenging the validity of his guilty plea and sentence. Blalock first argues that the district court, in accepting his guilty plea, committed plain error by fail-

ing to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Second, he argues that the district court committed clear error in enhancing his sentence based on its conclusions with regard to relevant conduct, obstruction of justice, and the use of minors.

Blalock did not seek to withdraw his guilty plea in the district court, so to prevail on his first challenge, he must demonstrate that the court committed plain error—a rather exacting standard of review. *United States v. Jeffries*, 265 F.3d 556, 558 (7th Cir. 2001); *see also United States v. Anderson*, 303 F.3d 847, 854 (7th Cir. 2002) (characterizing an attempt to meet the plain error standard as an "uphill battle").

To ensure that guilty pleas are knowingly and intelligently made, Rule 11 requires that a district court accepting a guilty plea "address the defendant personally in open court," informing the defendant of six categories of rights and ensuring that he or she understands them—an exchange known as a Rule 11 colloquy. FED. R. CRIM. P. 11(c); *Jeffries*, 265 F.3d at 558. Those topics which the district court must address include the nature of the charge to which the defendant is pleading guilty; the maximum and mandatory minimum penalties authorized by statute; and the required use of the federal sentencing guidelines when determining an appropriate sentence, including the authority to depart from those guidelines when circumstances warrant. FED. R. CRIM. P. 11(c)(1). The court must also advise the defendant that if he is questioned under oath, on the record, and in the presence of an attorney, his statements may be used against him in a subsequent prosecution for perjury. FED. R. CRIM. P. 11(c)(5).

We believe that the district court substantially met the requirements of Rule 11, and that Blalock has failed

to identify any shortcomings that rise to the level of plain error. First, we note that Rule 11 itself does not require rigid adherence to its provisions, but allows for some variance in its application. *See* FED. R. CRIM. P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."); *United States v. Fernandez*, 205 F.3d 1020, 1024 (7th Cir. 2000) ("[T]his court does not require literal compliance with the Rule." (quotation omitted)). We have previously held that the validity of a Rule 11 colloquy is based on the totality of the circumstances: for example, our review of whether a defendant understood the charge against him depends on "the complexity of the charge, the defendant's level of intelligence, age and education, whether the defendant was represented by counsel, the judge's inquiry during the plea hearing and the defendant's statements, as well as the evidence proffered by the government." *United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994). Considering these factors in the present case, we cannot say that Blalock did not understand the conspiracy charge he faced. No issue has been raised relating to Blalock's intelligence, age, or education, and he was represented by counsel throughout the proceedings. While conspiracy is generally considered a rather complicated offense, *see United States v. Wetterlin*, 583 F.2d 346, 350 (7th Cir. 1978), we believe that the court's explication of the charge (Plea Tr. at 5-6), coupled with the prosecution's recitation of the factual basis for the charge (Plea Tr. at 15-17), were sufficient to ensure that Blalock knew and understood the nature of the offense to which he was pleading guilty.

As to the matter of relevant conduct, Rule 11 only requires that the court inform the defendant of the maximum and minimum penalties authorized under the applicable statute, as well as the fact that the particular sentence imposed will be determined by reference to the

federal sentencing guidelines (which, of course, includes the authority to depart in certain circumstances). FED. R. CRIM. P. 11(c)(1). The court here satisfied these requirements, noting during the change-of-plea hearing that Blalock's sentence would be based on the amount of drugs found to be "relevant conduct" with respect to his offense of conviction, explaining the possibility of departure from the guidelines, and ensuring that Blalock had discussed the application of the guidelines with his attorney. (Plea Tr. at 9 & 14.) Subsumed within the admonition that the sentencing guidelines will govern the fashioning of the actual sentence is the fact that relevant conduct beyond the offense of conviction will be considered, as required by the guidelines. *See* U.S.S.G. § 1B1.3 (2003).

Blalock further argues that the district court's failure to advise him of the potential for a perjury prosecution based on any materially false statements provided under oath, on the record, and in the presence of an attorney, as required by Rule 11(c)(5), amounts to plain error requiring invalidation of his guilty plea. Blalock contends that this omission is especially egregious given that he was subject to a sentence enhancement for obstruction of justice under guideline § 3C1.1. The government concedes that such an admonition was not given by the court, but suggests that such an omission does not affect Blalock's "substantial rights," and therefore should be disregarded as instructed in Rule 11(h). We agree with the government. It does not appear that Blalock provided any false statements in response to questions put to him by the court during his change of plea hearing. Rather, the perjurious statements that led to the sentence enhancement were made by Blalock during his testimony before a federal grand jury on February 5, 2002. During his appearance before the grand jury, Blalock was clearly informed of the consequences of providing false state-

ments. (*See* Appellee's App. C at 36.) Therefore, we cannot say that the district court's failure to advise Blalock of the consequences of making false or perjurious statements during his change of plea hearing amounted to plain error.

Blalock next challenges the district court's imposition of various sentence enhancements. We review the district court's factual findings underpinning the enhancements for clear error. *United States v. Brumfield*, 301 F.3d 724, 730 (7th Cir. 2002) ("[W]e shall reverse the factual findings of the district court only if, after reviewing the entire record, we are left with the firm and definite conviction that a mistake has been made." (quotation omitted)). Looking to the entire record, we believe there were adequate bases for the imposition of the sentence enhancements.

First, Blalock claims that the relevant conduct determination of the quantity of drugs attributable to him was based on the testimony of "crack addict-informants" who should not have been trusted. In reviewing factual findings, however, "we defer to the district court's determination of witness credibility, which can virtually never be clear error." *United States v. Noble*, 246 F.3d 946, 953 (7th Cir. 2001). We find no clear error in the district court's determination of the quantity of drugs involved here. There was sufficient testimony on which the district court could have based its determination. Even if the government's witnesses were crack addict informants, "[t]he trial court is entitled to credit testimony that is totally uncorroborated and comes from an admitted liar, convicted felon, or large scale drug-dealing, paid government informant." *United States v. Partee*, 301 F.3d 576, 579 (7th Cir. 2002) (quotation omitted).

Blalock also contends that the enhancement for the use of minors was also clearly erroneous because it was not

based on "reliable evidence."* Under sentencing guideline § 3B1.4, the offense level is increased by two if the defendant used or attempted to use a minor to commit a crime. Blalock's challenge rests on the inadequacy or unreliability of witness testimony at his sentencing hearing, but, as with the challenge to the relevant conduct determination, we review this objection under a deferential clearly erroneous standard. In this case, there was sufficient evidence to support a finding that Blalock used minors in his drug-distribution activities, and we believe the district court did not clearly err in crediting the testimony as it did.

Finally, Blalock argues that the district court did not adequately support its obstruction-of-justice enhancement with specific factual findings, and that the enhancement is therefore defective. While we agree that the district court was not as explicit as it could have been in justifying its decision to impose the two-level enhancement, we do not believe that its ultimate decision to impose the enhancement was clearly erroneous. There is sufficient evidence in the record to support the court's finding that Blalock's statements before the grand jury were false, given his own testimony at his change of plea hearing—when the court asked Blalock if the government's recitation of the factual basis underlying the plea was essentially correct, he answered affirmatively (Plea Tr. at 17)—as well as the testimony of several witnesses at the sentencing hearing—for example, the government points to the testimony of George Jones and

---

* Insofar as Blalock argues that an enhancement for the use of minors is inappropriate when the defendant himself was under 21 years of age at the time of the offense, that argument is foreclosed by our decision in *United States v. Ramsey*, 237 F.3d 853 (7th Cir. 2001). We decline to reconsider that decision here.

Michael Young, whom the court explicitly found to be credible (Sent. Tr. at 174-75). Given these discrepancies, it was not clearly erroneous for the district court to have found that Blalock lied to the grand jury.

For the foregoing reasons, Blalock's guilty plea and the sentence imposed by the district court pursuant to that plea are AFFIRMED.

A true Copy:

  Teste:

        _____
        *Clerk of the United States Court of*
        *Appeals for the Seventh Circuit*