**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Noe VASQUEZ, also known as Hector
Lnu, Defendant–Appellant.**

No. 03–3522.

United States Court of Appeals,
Seventh Circuit.

Submitted May 14, 2004.

Decided May 17, 2004.

Victoria J. Peters, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Noe Vasquez, Fort Worth, TX, pro se.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

### ORDER

Noe Vasquez pleaded guilty to one count of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). The district court determined that Vasquez could be held accountable for 4.7 kilograms of cocaine in addition to 70 kilograms of marijuana, and sentenced him to 121 months' imprisonment and 3 years' supervised release. Vasquez filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot find a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, so we limit our review to the potential issues he identifies along with those that Vasquez addresses in his response filed under Circuit Rule 51(b). *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Vazquez's conviction stems from a drug transaction in December 2001 that an FBI informant arranged with him through a number of consensually recorded phone calls. The informant asked Vazquez for

"five," which the informant understood to mean five kilograms of cocaine. Vasquez agreed to provide that amount, and gave the informant the address of a residence where he was staying. When the informant arrived, Vasquez opened a nearby garage that stored five boxes containing marijuana. FBI agents arrested Vasquez and searched the residence, where they found 4.7 kilograms of cocaine in addition to the 70 kilograms of marijuana.

Vasquez pleaded guilty pursuant to a plea agreement in which the government agreed to drop the cocaine charges against him but reserved the right to argue (1) that his possession of the cocaine was relevant conduct, and (2) that, by denying he knew anything about the cocaine, Vasquez had failed to accept responsibility for his offense. At sentencing, Vasquez denied that he lived at the residence in question or that he knew anything about the cocaine. The district court, however, rejected Vasquez's claims, based on the tape-recorded conversations in which Vasquez arranged to give the informant "five" and the informant's statement that he had previously purchased cocaine from Vasquez. The court held Vasquez responsible for the cocaine, and then denied him a downward adjustment for acceptance of responsibility because it believed he had falsely denied his possession of the cocaine.

 Counsel and Vasquez first consider whether Vasquez could challenge his guilty plea, which he moved to withdraw in the district court, because the court did not literally comply with Federal Rule of Criminal Procedure 11 during Vasquez's plea colloquy. Counsel notes that the court violated the rule when it failed to tell Vasquez that he had the right to counsel at every stage of the proceeding. *See* Fed. R.Crim.P. 11(b)(1)(D). Counsel also points out that the court erroneously told Vasquez that his offense under 21 U.S.C.

§ 841(b)(1) carries a maximum term of supervised release of five years, when in fact no maximum term of supervised release is prescribed by the statute. *See* Fed.R.Crim.P. 11(b)(1)(H). However, these omissions are considered harmless if, "looking at the totality of the circumstances surrounding the plea, the district court informed the defendant of his rights" and the correct information would not have affected his willingness to plead guilty. *United States v. Fernandez*, 205 F.3d 1020, 1024 (7th Cir.2000). In this case, the court's Rule 11(b)(1)(D) omission was harmless because Vasquez was represented by an attorney at the time he pleaded guilty, and nothing in the record suggests that he did not know counsel would be available to him at other stages of the proceedings. *See United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir.1988). Similarly, the court's 11(b)(1)(H) error was harmless because Vasquez was properly informed in the plea agreement and at sentencing of his maximum potential term of imprisonment, 20 years, which is greater than the combined term of 121 months of prison and three years of supervised release that he received. *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002).

 Counsel and Vasquez also ask whether Vasquez could challenge the denial of his motion to withdraw his plea, a ruling this court would review for an abuse of discretion. *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir.2003). In his motion, Vasquez claimed that his plea was invalid because he did not understand its consequences, did not have effective counsel, and lacked information that the prosecution should have disclosed under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). At the plea colloquy, however, Vasquez answered "yes" when asked by the court if he understood the nature of the charges to which he was

pleading guilty and the sentencing range to which he was subject. He also answered "yes" when the court asked if he was "satisfied" with the efforts of his counsel. Because we presume Vasquez's representations at the colloquy were truthful, *Bennett*, 332 F.3d at 1099, it would be frivolous to argue that the district court abused its discretion in accepting Vasquez's plea as knowing, voluntary, and adequately counseled. Similarly, it would be frivolous to argue that Vasquez should have been allowed to withdraw his plea because the prosecution failed to disclose *Brady* information to him. Vasquez says that a Chicago police officer questioned him before his arrest and could have testified that Vasquez was bedridden and therefore incapable of dealing cocaine with the FBI informant. Even if this were true, however, Vasquez already knew about it at the time he pleaded guilty, and a prosecutor does not violate *Brady* when he fails to disclose evidence to which a defendant has independent access. *See Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir.2001). Any challenge to the district court's denial of Vasquez's motion to withdraw his plea would therefore be frivolous.

■ Counsel and Vasquez next consider whether Vasquez could argue that the district court did not have enough evidence to link him to the 4.7 kilograms of cocaine it attributed to him at sentencing. We would review this factual determination for clear error. *United States v. Sumner*, 325 F.3d 884, 889 (7th Cir.2003). Although Vasquez has steadfastly denied, both at sentencing and in his reply brief to this court, any involvement in cocaine dealing, the district court determined that he in fact intended to sell the 4.7 kilograms to the informant, based on the tape-recorded phone conversations arranging the sale of "five" and the informant's statement suggesting that he had previously purchased cocaine from Vasquez. The district court

was entitled to base its drug quantity determination on the testimony of an informant, even if that informant was, as Vasquez suggests, a drug dealer and a felon. *United States v. Blalock*, 321 F.3d 686, 690 (7th Cir.2003). Similarly, although Vasquez argues that he should not be held responsible for cocaine because he pleaded guilty only to marijuana charges, quantities of drugs other than the drug of conviction may be attributed to the defendant if they can be considered part of a "common scheme or plan." U.S.S.G. § 1B1.3; *Sumner*, 325 F.3d at 889. The district court determined that the cocaine in this case was intended to be sold to the informant as part of the very same drug deal that resulted in Vasquez's marijuana conviction. Because this determination is supported by evidence before the district court, including the recorded phone conversations and the informant's testimony, it would be frivolous to argue that the district court clearly erred in concluding that the 4.7 kilograms of cocaine were attributable to Vasquez.

Similarly, counsel and Vasquez consider an argument that the district court erred in denying Vasquez a downward adjustment for acceptance of responsibility. Vasquez points out that he admitted every element of the crime to which he pleaded guilty—possession of marijuana with intent to distribute—and only denied ever having possessed cocaine. We would review the judge's acceptance of responsibility finding for clear error. *United States v. Harnhardt*, 361 F.3d 382, 390 (7th Cir. 2004). In this case, Vasquez claimed at the plea colloquy and in several of his submissions to the district court that the cocaine attributed to him at sentencing actually belonged to the owner of the home he was staying in and that he was not even aware that the cocaine was there. Because the court ultimately determined that Vasquez had knowingly possessed the cocaine, Vasquez's "bare denials" properly earned

him the loss of the acceptance of responsibility adjustment. *See United States v. Zehm,* 217 F.3d 506, 515 (7th Cir.2000).

Vasquez adds two other potential arguments. First, he considers whether his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because, he says, it took into account 4.7 kilograms of cocaine that were not charged in the indictment or proven to a jury. But Vasquez is incorrect about the indictment, which specifically alleged that he "agreed to deliver 5 kilograms of cocaine." Furthermore, a plea effectively waives the right to have a jury decide the facts, *United States v. Warneke,* 310 F.3d 542, 550 (7th Cir.2002), so Vasquez cannot non-frivolously argue that *Apprendi* was violated because a jury did not find the quantity at issue. Vasquez also considers whether he could argue that the prosecution breached the plea agreement when it asserted that his cocaine possession was relevant conduct after it had agreed to dismiss the cocaine charges against him. However, where the terms of a plea agreement specifically reserve the government's right to make an argument at sentencing, the government does not breach that agreement when it so argues. *United States v. Schilling,* 142 F.3d 388, 396 (7th Cir.1998). Vasquez's plea agreement reserved the issue whether the cocaine was attributable to him for sentencing, and it would be frivolous to claim that the government's argument of the issue breached the plea agreement.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.