**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 22, 2005
Decided October 11, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1685

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| v. | No. 04-CR-93-C-01 |
| ANNA M. LANGE, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Anna Lange pleaded guilty to embezzling government funds in violation of 18 U.S.C. § 641.  The district court regarded the sentencing guidelines as advisory and sentenced Lange to 12 months' imprisonment, three years' supervised release, and restitution of $158,593.  Appointed counsel filed a notice of appeal but now moves to withdraw because he cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Lange has not accepted our invitation to comment on counsel's motion.  *See* Cir. R. 51(b).  Accordingly, despite counsel's failure to obtain transcripts of the relevant proceedings, we deem the record adequate for our purposes and limit our review to the potential issues counsel identifies.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Lange worked as an office manager for the Federal Highway Administration ("FHWA") in Madison, Wisconsin.  Her duties included paying employee travel expenses and buying office equipment and supplies, so FHWA entrusted her with a government credit card and authority to write convenience checks to access FHWA's line of credit.  Lange misused the credit card and checks for more than four years, ringing up $158,593 in unauthorized charges to pay personal expenses including her home telephone, satellite television service, car insurance, and college tuition.

Counsel first discusses whether Lange could challenge her guilty plea and concludes that no argument is possible because, he says, the district court substantially complied with Federal Rule of Criminal Procedure 11(b) in taking the plea.  It is true that substantial compliance with Rule 11 would render frivolous a challenge to Lange's guilty plea, *see, e.g., United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003), but counsel failed to obtain a transcript of the plea colloquy, so we have no means of evaluating his representation about its adequacy.  *See United States v. Pippen*, 115 F.3d 422, 426 (7th Cir. 1997).  Nonetheless, we have held that appointed lawyers seeking to withdraw under *Anders* should not even explore the propriety of a guilty plea unless the defendant wants to unwind the plea.  *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).  In this case we have no indication that Lange wants her guilty plea set aside, and for that reason we agree with counsel that the plea colloquy does not provide a basis for appeal.

Counsel next considers whether any grounds exist to challenge Lange's 12-month prison term.  The district court sentenced Lange after *United States v. Booker*, 125 S. Ct. 738 (2005), and we will uphold the term so long as it is reasonable.  *Id.* at 765; *United States v. Tedder*, 403 F.3d 836, 844 (7th Cir. 2005).  Any sentence within a properly calculated guideline range is presumptively reasonable.  *United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Here the guidelines calculation recommended by the probation officer and accepted by the court yielded an imprisonment range of 18 to 24 months.  Even without a transcript of the sentencing hearing, we know from the district court's written Statement of Reasons that it chose to impose a sentence below that range after looking to the factors in 18 U.S.C. § 3553(a), including the need for psychological treatment. *Id.* § 3553(a)(2)(D).  The district court reasoned that Lange would benefit most from treatment available through a community corrections center, and thus it imposed a shorter prison term but ordered Lange to serve the first four months of her supervised release term in a community corrections center.  We have explained that it would be "hard to conceive of below-range sentences that would be unreasonably high," *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005), and we see nothing in the court's explanation that would suggest such a possibility in this case.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.