UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 25, 2006
Decided September 26, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1956

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 04-CR-495-23 |
| CARLO WATKINS, *Defendant-Appellant*. | Rebecca R. Pallmeyer, *Judge* |

**O R D E R**

After being named in a 72-count indictment charging him and 47 other members of the Mafia Insane Vice Lords with conspiracy to distribute cocaine and heroin throughout the west side of Chicago, Carlo Watkins pleaded guilty to one count of possession of heroin with intent to distribute. *See* 21 U.S.C. § 841(a)(1). At sentencing the district court concluded that he was responsible for selling .2 grams of heroin to an undercover officer but could be held accountable for an additional six kilograms as relevant conduct, resulting in a guidelines imprisonment range of 188 to 235 months. The court then sentenced Watkins to 167 months' imprisonment and eight years' supervised release. Watkins timely filed notice of appeal, but appointed counsel now moves to withdraw because she cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). For

his part, Watkins accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified by counsel and Watkins. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first considers whether Watkins could challenge his guilty plea and concludes that no argument is possible because the district court substantially complied with Federal Rule of Criminal Procedure 11(b) in taking the plea. While it is true that substantial compliance with Rule 11 would render frivolous a challenge to Watkins's guilty plea, *see United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003), we have held that lawyers seeking to withdraw under *Anders* should not even explore the propriety of a guilty plea unless the defendant wants to withdraw the plea, *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). We have no indication that Watkins wants his guilty plea set aside. For that reason we agree with counsel that the plea colloquy does not provide a basis for appeal.

Next Watkins asks us to consider whether he could argue that the district court improperly increased his offense level when it found him responsible for more than six kilograms of heroin even though the amount in the indictment was less than the amount for which he was held responsible. Count 70, to which Watkins pleaded, charged possession with intent to distribute approximately .1 gram of heroin. But we do not consider this a limitation of the charge to one transaction. *See United States v. Arroyo*, 406 F.3d 881, 889 (7th Cir. 2005) (explaining that sentencing courts may consider drug quantities not specified in the count of conviction provided they are part of the same course of conduct or common scheme or plan as the convicted offense). This court, however, would be precluded from reviewing this issue because Watkins waived any challenge to the district court's relevant-conduct determination. *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 847-48 (7th Cir. 2005). Waiver is a knowing and intentional decision to forego an argument in the district court. *Id.* at 847. Once a defendant makes a strategic decision to pursue one argument over another at sentencing, "he also waives those arguments he decided not to present." *Id.* at 848. Here Watkins's counsel intentionally decided not to challenge the district court's relevant-conduct determination. Prior to sentencing counsel filed a position paper stating that Watkins agreed with the factual findings in his presentence investigation report and had "no evidence to rebut the conclusions as to relevant conduct liability." Counsel also offered no legal argument at or before sentencing to contest the court's findings. And Watkins tells us in his response to counsel's *Anders* brief that, although he asked counsel to object to the relevant-conduct determination, she declined to do so: "[S]he told me if I was to argue the things that I want to argue it will affect my sentence. And she went in the court and did what she thought was best, which was asked for the low end" of the guidelines range. Accordingly, any challenge to the district court's relevant-conduct determination would be frivolous.

Finally, counsel considers whether Watkins might argue that his 167-month sentence is unreasonable. The district court sentenced Watkins after *United States v. Booker*, 543 U.S. 220 (2005), and we will uphold the sentence so long as it is reasonable, *United States v. Tedder*, 403 F.3d 836, 844 (7th Cir. 2005). In choosing to impose a below-guidelines sentence, the district court considered the factors in 18 U.S.C. § 3553(a), including the rehabilitative programs available to Watkins in prison as well as Watkins's "sincere" remorse, and remarked that it saw no need "to go above the minimum of the guidelines." The court then adjusted Watkins's sentence below the guidelines minimum of 188 months to reflect a credit for the 21 months he served on related state charges that the court considered as relevant conduct in determining his guidelines calculation. *See* U.S.S.G. § 5K2.23. We have explained that it would be "hard to conceive of below-range sentences that would be unreasonably high," *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005), and nothing in the court's explanation would suggest such a possibility in this case.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.