NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 17, 2014
Decided July 17, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1999

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11CR846-1 |
| KEITH MURRAY, *Defendant–Appellant*. | John F. Grady, *Judge*. |

**O R D E R**

Keith Murray sold 57.2 grams of crack cocaine to an informant in August 2010. He was arrested for that sale in December 2011 and later pleaded guilty to distributing crack, 21 U.S.C. § 841(a)(1), and possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1). Two guns had been recovered during an August 2009 search of Murray's residence, during which federal agents also found cocaine, heroin, and marijuana. At sentencing, over Murray's objection, the district court calculated a total offense level of 34 and criminal-history category of VI, yielding a guidelines imprisonment range of 262 to 327 months. The court, giving Murray credit for his postarrest cooperation with

agents of the Federal Bureau of Investigation, sentenced him to 132 months' imprisonment.

Murray has filed a notice of appeal, but his newly appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Murray has not responded to counsel's motion, as we invited him to. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that Murray wants to challenge his guilty pleas, but Murray did not do so in the district court, and thus our review would be for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Counsel concludes that an appellate claim would be frivolous, and we agree. During the plea colloquy the district court neglected to place Murray under oath and warn him that lying could subject him to prosecution for perjury. *See* FED. R. CIV. P. 11(b)(1)(A). But that single misstep could not have been plain error because a prosecution for perjury is neither pending or planned. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).

Counsel next discusses but rejects as frivolous a potential challenge to the district court's guidelines calculations. When Murray was arrested, he confessed to FBI agents that on August 19, 2010, he had sold 57.2 grams of crack. He also told the agents that during the previous four to five years he had been selling about 63 grams of cocaine each week. Murray then agreed to cooperate with the agents and later executed a plea agreement admitting sales of 63 grams of cocaine per week from December 2007 through August 2010, but during the plea colloquy he balked at that admission and withdrew from the plea agreement. He still pleaded guilty, however, after conceding that the drug amounts listed for the time frame in the abandoned plea agreement were "approximately correct." At sentencing, though, Murray changed his mind and asserted that, in fact, the timeline and drug amounts he admitted during the plea colloquy were inaccurate. He also objected to counting as relevant conduct the drugs and guns recovered during the August 2009 search because a state prosecution arising from that search was ongoing. After the government called one of the interviewing FBI agents to recount Murray's postarrest confession, the court credited the agent and denied Murray

credit for acceptance of responsibility because, the court concluded, Murray had falsely denied relevant conduct.

We agree with counsel that a challenge to the guidelines calculations would be frivolous. Based on Murray's postarrest confession, the district court found him responsible for the cocaine he estimated he distributed between December 2007 and August 2010 (63 grams per week for 136 weeks), the various drugs found in his residence in 2009, and the crack he sold to an informant in August 2010. Together, those drugs total over 5 kilograms of cocaine or, as the probation officer converted, over 1,000 kilograms of marijuana, putting Murray's base offense level at 32. *See* U.S.S.G. § 2D1.1(c)(4). The court also included a 2-level increase based on Murray's admission that the guns found at his residence in August 2009 were his, *see id.* § 2D1.1(b)(1) & cmt. n.11(A); *United States v. Perez*, 581 F.3d 539, 546–47 (7th Cir. 2009), and denied him acceptance of responsibility based on his denial of the relevant conduct, which he had earlier admitted on at least two separate occasions, *see* U.S.S.G. § 3E1.1 cmt. n.1(A). As counsel recognizes, each of these guidelines applications was appropriate given the district court's findings based on the evidence.

We also agree with counsel that a challenge to Murray's criminal-history score would be frivolous. Murray argued at sentencing that his criminal-history score should be based solely on his 2004 conviction, which, he contended, was the only prior conviction occurring within 15 years of the August 2010 sale for which he was arrested. *See* U.S.S.G. § 4A1.2(e)(1). But Murray was imprisoned for his 1991 and 1994 convictions until February 1995. And less than 15 years later, he admitted, he began selling cocaine. Because that relevant conduct is considered part of the offense to which Murray pleaded guilty, *id.* § 4A1.2 cmt. n.1, each conviction from the 1990s properly was included in his criminal-history calculation, *id.* § 4A1.2(e)(1).

Finally, we agree with counsel that a challenge to the reasonableness of Murray's prison sentence would be frivolous. The district court discussed several factors from 18 U.S.C. § 3553(a), including the need to deter Murray and others from criminal behavior, to avoid unjustified disparities between his sentence and sentences imposed in similar cases, and to impose no greater punishment than is necessary. The court then imposed a sentence of 132 months. Because the sentence is below the guidelines imprisonment range of 262 to 327 months, we would presume it is reasonable. *See Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Howard*, 729 F.3d 655, 664 (7th Cir. 2013). Counsel gives no reason for us to disrupt that presumption in this case, and we can find none.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.