**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4602**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JUSTIN DEONTA STROM, a/k/a Jae Dee, a/k/a Jae, a/k/a J-Dirt,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:12-cr-00159-JCC-1)

Submitted: February 25, 2015        Decided: March 5, 2015

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James W. Hundley, BRIGLIAHUNDLEY, P.C., Vienna, Virginia, for Appellant. Dana J. Boente, United States Attorney, Marc J. Birnbaum, Special Assistant United States Attorney, Inayat Delawala, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Deonta Strom pled guilty pursuant to a plea agreement to one count of sex trafficking of a child by force, fraud, or coercion, in violation of 18 U.S.C. § 1591 (2012). The district court imposed a sentence of 40 years' imprisonment. On appeal, Strom challenges the validity of his guilty plea.[1] Finding no error on this claim, we affirm Strom's conviction.[2]

A guilty plea is valid where the defendant voluntarily, knowingly, and intelligently enters the plea, "with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Strom asserts that he did not know that conduct related to dismissed counts could be used against him at sentencing, rendering his plea unknowing and involuntary. We disagree that

---

[1] Strom has filed a motion for leave to file a pro se supplemental brief, along with that brief. Because Strom is represented by counsel who has filed a merits brief, Strom is not entitled to file a pro se supplemental brief, and we therefore deny his motion. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because defendant was represented by counsel).

[2] By earlier order, we deferred ruling on the Government's motion to dismiss the appeal based on the waiver of appellate rights contained in Strom's plea agreement. We cannot consider the validity of the plea waiver without addressing Strom's challenge to the validity of his guilty plea, see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013), and therefore we deny the motion to dismiss.

his claimed lack of knowledge would invalidate his plea. In a guilty plea colloquy, the district court "must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); see also Fed. R. Crim. P. 11(b). Rule 11(b)(1)(M) outlines the information concerning the Sentencing Guidelines that must be conveyed in the colloquy. Here, the record establishes that the district court advised Strom of the requisite penalties he faced by pleading guilty and of the procedures that would be employed to determine his sentence. See United States v. Blalock, 321 F.3d 686, 689 (7th Cir. 2003). Accordingly, Strom has not established that his plea was unknowing or involuntary.

Strom further challenges the validity of his guilty plea based on a claim that trial counsel provided ineffective assistance in failing to advise him that conduct relevant to counts dismissed pursuant to the plea agreement could be used against him at sentencing, and he argues that counsel was ineffective at sentencing for failing to object to factual allegations in his PSR. To the extent that Strom intends to raise these assertions of ineffective assistance as separate and distinct claims, we decline to address them in this appeal.

3

Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). This case warrants no exception.

Accordingly, we deny the Government's motion to dismiss, deny Strom's motion to file a pro se supplemental brief, and affirm Strom's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED