NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 16, 2018
Decided March 16, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1351

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:16CR00054-002 |
| CHRISTOPHER SCHMELTZER, *Defendant-Appellant*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

After Christopher Schmeltzer spent over two years in federal prison for conspiring to manufacture methamphetamine, he joined another conspiracy that trafficked the drug in bulk quantities from Minnesota to Wisconsin. He began cooperating with authorities once he learned of charges against his coconspirators, and after being indicted himself, he pleaded guilty to conspiring to distribute 50 grams or more of a substance containing methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(viii). The district judge sentenced him to 72 months in prison and 5 years' supervised release. He filed a notice of appeal, but his attorney has moved to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Schmeltzer has not responded to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an

appeal of this kind might involve. Because the analysis in the brief appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel does not tell us explicitly whether Schmeltzer has decided to forgo challenging his guilty plea. Instead, counsel represents that Schmeltzer's "focus has been on challenging the reasonableness of the sentence." We should not need to infer from Schmeltzer's "focus" that he has decided not to contest his guilty plea. The burden is on counsel to tell us, in clear terms, of his client's informed decision on whether to seek withdrawal of his plea. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Although counsel does not convey specifically whether Schmeltzer wishes to challenge his guilty plea, we need not reject counsel's submission, because he considers, and properly rejects, the possibility of challenging the plea. *See Konczak*, 683 F.3d at 349. The standard of review would be plain error, *United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002), and the transcript of the plea colloquy reveals no misstep. The district judge informed Schmeltzer of, and made sure he understood, his rights and the consequences of his plea as Federal Rule of Criminal Procedure 11 requires. *See* FED. R. CRIM. P. 11(b)(1); *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).

The attorney next assesses, and correctly rejects, an argument that the sentence was imposed in violation of law or rests on an error in applying the Sentencing Guidelines. Schmeltzer's 72-month prison term and his 5-year period of supervised release fall within statutory limits. 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) (requiring imprisonment for at least 5 years but not more than 40, and supervised release for at least 4 years). And the judge correctly calculated a Guidelines imprisonment range of 70 to 87 months, based on a total offense level of 25 and a criminal history category of III. U.S.S.G § ch. 5, pt. A.

Counsel also decides against arguing that the district judge erred by denying the government's motion to sentence Schmeltzer below the Guidelines range as a reward for assisting authorities in the prosecution of his coconspirators. U.S.S.G. § 5K1.1. Although departures became "obsolete" after the Guidelines were made advisory, district courts must consider arguments, if raised, that a defendant's cooperation warrants a sentence beneath the Guidelines range, and decide whether such a sentence is appropriate under 18 U.S.C. § 3553(a). *See United States v. Leiskunas*, 656 F.3d 732, 737 (7th Cir. 2011); *United States v. Blue*, 453 F.3d 948, 952–54 (7th Cir. 2006); *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). The judge here gave two reasons for concluding that the information Schmeltzer offered did not warrant a below-Guidelines

sentence: It already had been provided by other witnesses, and Schmeltzer already had been "amply rewarded" by a plea agreement that capped the drug quantity used to calculate his offense level. Because the judge carried out his duty to assess Schmeltzer's cooperation, *Blue*, 453 F.3d at 954; *Laufle*, 433 F.3d at 987–88, the denial of the government's motion would not be grounds for finding the sentence unreasonable.

Last, the attorney rightly decides against arguing more generally that Schmeltzer's sentence is unreasonable. Schmeltzer's within-Guidelines terms of imprisonment and supervised release are presumed reasonable on appeal. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). Counsel has not identified any reason to rebut those presumptions, nor have we. The district judge discussed Schmeltzer's arguments in mitigation—he had "strong" family support and had been making progress at controlling his drug addiction—and appropriately considered the sentencing factors in 18 U.S.C. § 3553(a). The judge specifically addressed the need to justly punish a serious crime, the need to protect the public from a repeat drug offender who had "place[d] more value" on his addiction than on the community, and the need to avoid unwarranted sentencing disparities.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.