**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2018
Decided April 5, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-3566

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> DOMONIQUE V. WALKER, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 3:17CR50031-1 <br><br> Philip G. Reinhard, <br> *Judge.* |

**O R D E R**

A police officer saw Domonique Walker blow through five stop signs and a red light in Rockford, Illinois. When the officer activated the lights and siren on his unmarked squad car, Walker, one block ahead of the officer, accelerated through two additional stop signs before colliding with a guard rail along the road and hitting a tree. Police officers found him unconscious, sitting on a loaded .40 caliber semiautomatic handgun and smelling like alcohol and burnt marijuana. Walker—who has three prior felony convictions for controlled-substance offenses—pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced to nine

years' imprisonment and three years' supervised release. Walker filed a notice of appeal, but his appellate counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he believes that any appeal would be frivolous. In his response to counsel's motion, *see* CIR. R. 51(b), Walker disputes this conclusion and contends that he could argue that the district court erred when determining the recommended guidelines sentence.

Counsel has submitted a brief that explains the nature of the case and addresses a single sentencing issue that an appeal of this kind might be expected to involve. Counsel's analysis appears for the most part to be adequate, allowing us to focus on the issue he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel does not confirm, however, that Walker is satisfied with his guilty plea. If counsel did not consult with Walker, he should have, and he should have told us Walker's answer to this question. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). That said, we need not reject counsel's *Anders* submission because the transcript of the plea colloquy demonstrates that the district court complied with the requirements of Federal Rule of Criminal Procedure 11. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). The court advised Walker of his constitutional rights, the charge against him, and the possible penalties, and found that his plea was voluntary and supported by a sufficient factual basis. *See* FED. R. CRIM. P. 11(b).

Counsel evaluates whether Walker could contest the district court's determination that he knowingly fled police and was therefore subject to a two-level enhancement for reckless endangerment during flight, *see* U.S.S.G. § 3C1.2. (Counsel focuses on Walker's asserted lack of awareness that he was fleeing police; at the sentencing hearing, Walker had conceded that his conduct was reckless but contended that he did not flee police knowingly.) A police officer who tailed Walker during the chase testified that Walker had accelerated after the officer turned on his lights and siren, which he kept on for one to two blocks, and then drove through several stop signs. Counsel appropriately concludes that it would be frivolous to argue that the district court clearly erred by crediting the officer's unrebutted testimony— "determinations of witness credibility can virtually never be clear error," *United States v. Biggs*, 491 F.3d 616, 621 (7th Cir. 2007) (internal quotation marks and citation omitted)— or by inferring from the officer's testimony that Walker knew of police officers' pursuit of him. As counsel further observes, any error by the district court in determining the applicability of U.S.S.G. § 3C1.2 would be harmless because the court said that it would

impose the same sentence even if it "was incorrect in assessing [this] two-point [sic] enhancement." *See United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009).

Walker outlines four potential challenges to the district court's decision to impose a two-level increase under U.S.S.G. § 3C1.2. First he asserts that the court wrongly concluded that he knew he was evading police because his "erratic driving" is best explained by his intoxicated state. This contention, however, is frivolous because the circumstances of the chase—Walker's acceleration upon being tailed by an officer sounding his siren and flashing his headlights—allowed the district court to reasonably conclude that Walker knew he was fleeing.

Second Walker asserts that the district court wrongly determined that he fled the police because the distance with which the officer followed him with his lights and siren on was only one to two blocks. But even a short police chase is sufficient to satisfy the requirement in U.S.S.G. § 3C1.2 that a defendant be "in the course of fleeing from a law enforcement officer." *See* U.S.S.G. § 3C1.2, cmt. n.3 ("'During flight' is to be construed broadly"); *United States v. Chandler*, 12 F.3d 1427, 1430, 1434 (7th Cir. 1994) (district court did not err in concluding that five-minute police chase met requirement of fleeing from law enforcement in U.S.S.G. § 3C1.2). Further Walker wrongly assumes that the chase did not begin until the police officer turned on his siren and lights; by that point the officer had already tailed him through four stop signs and a red light.

Third Walker says that the testimony of the police officer provided an insufficient factual basis for the district court to conclude that his driving created a substantial risk of death or bodily injury. But the officer's uncontradicted testimony that Walker drove 60 miles per hour through several stops signs in a residential and business-district area on a rainy night makes it pointless to argue that he did not create a substantial risk of death or bodily injury to others. *See United States v. Thomas*, 294 F.3d 899, 907 (7th Cir. 2002) (defendant travelling 50 miles per hour in "high-speed case" through residential neighborhood is conduct "fall[ing] squarely within the scope of section 3C1.2").

Fourth Walker says that he needed to be charged with a "formal fleeing offense" in order for U.S.S.G. § 3C1.2 to apply, but this contention is frivolous because a sentencing judge may consider the defendant's relevant conduct, which includes "[c]onduct that is not formally charged or is not an element of the offense of

conviction." *United States v. Watts*, 519 U.S. 148, 152–53 (1997) (quoting U.S.S.G. § 1B1.3, cmt. background).

As a final matter, Walker contends that when determining the recommended guidelines sentence, the district court erred by not "vary[ing] downward" his offense level for acceptance of responsibility. But he misapprehends the court's calculations: the court explained that it reduced his offense level by three levels under U.S.S.G. § 3E1.1(a), (b) precisely for acceptance of responsibility. (Doc. 40, Sentencing Tr. of Dec. 8, 2017, at 40.)

Accordingly, we GRANT counsel's motion and DISMISS the appeal.