NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2018
Decided May 24, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3106

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-cr-40053-001 |
| CELVIN JOSE CORTEZ, *Defendant-Appellant*. | Sara Darrow, *Judge*. |

**O R D E R**

Celvin Cortez sold drugs to undercover officers on multiple occasions and eventually was arrested in a restaurant parking lot, where officers found a semiautomatic pistol in his possession. He pleaded guilty to one count of possessing with the intent to distribute at least 50 grams of methamphetamine, 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A). His plea agreement included a waiver of his right to appeal "any and all issues relating to" his plea agreement, conviction, and sentence. The judge sentenced Cortez to 135 months on Count 1 and 60 months on Count 2, to be served consecutively, which was within the recommended Guidelines range of 188 to 235 months. Cortez filed a notice of appeal, but his appointed appellate counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v.*

*California*, 386 U.S. 738 (1967). Cortez opposes counsel's motion. *See* 7TH CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects he discusses and those Cortez raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by asserting that Cortez's guilty plea was knowing and voluntary. He does not say, however, if he asked Cortez whether he wants his guilty plea vacated. If counsel did not consult with Cortez, he should have, and he should have told us Cortez's decision. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). That said, we need not reject counsel's submission because the transcript of the plea colloquy reflects that the judge complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. *See Konczak*, 683 F.3d at 349; *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). The judge properly informed Cortez about the nature of the charge, the statutory maximum penalties, the trial rights he was giving up, the role of the sentencing guidelines, and the consequences of the appeal waiver. *See* FED. R. CRIM. P. 11(b).

Counsel considers whether the broad appeal waiver that Cortez accepted as part of his plea agreement makes this appeal frivolous and properly concludes that it does. An appeal waiver stands or falls with the guilty plea, *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), so Cortez's waiver must be enforced. Moreover, neither we nor counsel can identify any exceptions to the appeal waiver that would apply here. *See United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014). Indeed, the sentence on each count does not exceed the statutory maximum, *see* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A), and the judge did not rely on any unconstitutional factor when imposing Cortez's sentence.

Finally, Cortez argues in his Rule 51(b) response that his sentence was unreasonable because there was insufficient evidence to show that the gun found by the police was his. But his appeal waiver is enforceable with regard to all issues within its scope, including the sufficiency of the evidence supporting the plea.

Thus the motion to withdraw is GRANTED, and the appeal is DISMISSED.