**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2018
Decided October 25, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3037

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16-cr-499 |
| ROBERT SNIPES, *Defendant-Appellant*. | Manish S. Shah, *Judge*. |

**O R D E R**

Robert Snipes pleaded guilty to robbing a branch of TCF Bank inside a Jewel grocery store in Chicago. *See* 18 U.S.C. § 2113(a). In his plea agreement, he admitted that he slipped the teller a note demanding money and implying that he had a bomb in his backpack. The district court sentenced him below the guidelines to 72 months in prison. Snipes filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Snipes has not responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects she discusses. *See United*

*States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). We grant counsel's motion and dismiss this appeal.

Counsel informs us that Snipes does seek to withdraw his plea, so counsel first considers whether Snipes could argue that his plea was not valid. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Because Snipes did not move to withdraw his guilty plea in the district court, we would review the plea colloquy only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Olson*, 880 F.3d 873, 877 (7th Cir. 2018). Counsel properly concludes that any challenge to the validity of Snipes's plea would be frivolous. The district judge ensured that Snipes's plea was knowing and voluntary by complying with Federal Rule of Criminal Procedure 11. The judge informed Snipes about the nature of the charge, the statutory maximum penalties, the trial rights he was giving up, the role of the sentencing guidelines, and the consequences of his guilty plea. FED. R. CRIM. P. 11(b); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). Snipes assured the court that the factual basis in his plea agreement was true and that he was satisfied with counsel's efforts on his behalf. Nothing about the plea colloquy suggests that Snipes's guilty plea was involuntary.

Next, Counsel considers whether Snipes could challenge his sentence and properly concludes that such a challenge would be frivolous. Snipes's 72-month sentence is below the low end of his calculated guideline range (84–105 months based on overall offense level of 22 and criminal history category of VI). We would presume Snipes's sentence reasonable because it is below the guidelines range, and we agree with counsel that the record presents no basis to disturb the presumption. *See United States v. Purham*, 795 F.3d 761, 765 (7th Cir. 2015). The district judge adequately considered the relevant factors in 18 U.S.C. § 3553(a), including the serious nature of a bomb threat, Snipes's mental-health condition and troubled childhood, his prior substance-abuse issues and current participation in a drug-abuse program, his criminal history of six felony convictions, and the need to protect the safety of society at banks and grocery stores.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.