NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019
Decided July 1, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1298

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 14 CR 330-10 |
| RODNEY BEDENFIELD, | |
| *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

**O R D E R**

Rodney Bedenfield pleaded guilty to distributing and conspiring to distribute heroin, 21 U.S.C. §§ 841(a)(1), 846, but proceeded to a trial on the charges remaining against him—firearm possession as a felon, 18 U.S.C. § 922(g)(1), and in furtherance of those drug crimes, *id*. § 924(c)(1)(A)—of which he was convicted. He was sentenced to 211 months' imprisonment. Bedenfield appealed but his appointed counsel moved to withdraw on grounds that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). We denied the motion in light of *Dean v. United States*, 137 S. Ct. 1170 (2017), and remanded the case so that the district court could clarify whether it had considered Bedenfield's mandatory sentence under § 924(c). After the judge confirmed that she did so, counsel again moved to withdraw. Bedenfield opposes the motion. CIR. R. 51(b).

Counsel's brief outlines the nature of the case and addresses the potential issues that we would expect an appeal like this to involve. Because counsel's brief appears thorough (with one qualification that we note later), we limit our review to the topics he discusses, along with the issues that Bedenfield wishes to raise. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers five potential arguments concerning Bedenfield's plea colloquy but properly concludes that all of them would be frivolous. Because Bedenfield did not challenge any aspect of the plea colloquy in the district court, we would review its adequacy for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). First, the judge did not tell Bedenfield of the government's right to use his statements against him in a prosecution for perjury, *see* FED. R. CRIM. P. 11(b)(1)(A), but any assertion of error would be pointless because there is no current or prospective prosecution for perjury, *United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003). Second, the judge failed to mention Bedenfield's right to counsel at trial, *see* FED. R. CRIM. P. 11(b)(1)(D), but Bedenfield already was represented by counsel, and the judge, when reviewing Bedenfield's trial rights, informed him that his attorney could call and cross-examine witnesses on his behalf, so he surely understood that counsel would continue to represent him if he proceeded to trial on the drug charges. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002); *United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988). Third, the judge did not inform Bedenfield of the nature of the charges, *see* FED. R. CRIM. P. 11(b)(1)(G), but Bedenfield confirmed that he reviewed the indictment with counsel—raising "a presumption that the defendant was informed of the nature of the charge[s] against him," *Bousley v. United States*, 523 U.S. 614, 618 (1998)—and we see nothing in the record to suggest that he was ignorant of the charges. Fourth, counsel assesses whether he could challenge the judge's failure to inform Bedenfield of her obligation to consider the sentencing factors in 18 U.S.C. § 3553(a) as well as possible departures under the Sentencing Guidelines, *see* FED. R. CRIM. P. 11(b)(1)(M). But a challenge here would also be frivolous because the judge confirmed that Bedenfield discussed the guidelines range with counsel, informed him that the guidelines are "something that I take into account" but that "they're not mandatory," and reviewed the statutory maximum and minimum for each count. *See United States v. Austin*, 907 F.3d 995, 998–99 (7th Cir. 2018). Fifth, the judge did not inquire whether Bedenfield's plea resulted from threats or undisclosed promises, *see* FED. R. CRIM. P. 11(b)(2), but the judge did ask whether there was "anyone forcing" him to enter the plea and confirmed that he was "doing it voluntarily." And nothing suggests that the judge clearly erred by finding that his guilty plea was voluntary.

Next, counsel rightly rejects challenging the sufficiency of the evidence supporting Bedenfield's conviction for possessing a firearm in furtherance of his possession of heroin. We would reverse only if the record lacks "any evidence from which any rational jury could find guilt," *United States v. Lawrence*, 788 F.3d 234, 239 (7th Cir. 2015), and here the evidence was considerable. Bedenfield had pleaded guilty to possessing the heroin with intent to distribute and had testified that he stored the heroin inside a garbage can inside a storage shed. At trial for possessing a firearm, Bedenfield stipulated that law-enforcement officers recovered five semi-automatic firearms, three of which were loaded, from inside the same garbage can that contained the heroin inside the storage shed. A law-enforcement witness also testified that he recovered heroin paraphernalia from inside the same garbage can with the guns. And the owner of the storage shed testified that it required a key to access and that he gave only Bedenfield a key and permission to use it. The owner added that he did not store any firearms in the shed and did not allow anyone else to store firearms there.

Counsel also explores arguing that Bedenfield's sentence was substantively unreasonable but properly concludes that doing so would be frivolous. We pause to observe that counsel misstates Bedenfield's guidelines range, but we need not reject counsel's brief because the sentencing transcript shows that a challenge on this ground would be frivolous. Bedenfield's 211-month prison term included a sentence of 151 months for his drug counts, which is below the guidelines range of 188 to 235 months (based on an offense level of 33 and a criminal history category of IV), and a consecutive 60-month sentence, the statutory minimum for his § 924(c) gun offense. We presume that a below-guidelines sentence is reasonable, *see United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017), and we see nothing in the record to rebut that presumption. Nor does counsel identify any plausible challenge to the guidelines calculation, which was uncontested in the district court. And we agree with counsel that the judge did not abuse her discretion in weighing the 18 U.S.C. § 3553(a) factors and considering Bedenfield's arguments in mitigation. The judge noted the seriousness of the offense (that "heroin distribution in that neighborhood is devastating") and Bedenfield's history and characteristics (that his parents "were very supportive" but that Bedenfield "started down that [negative] path" after his father left). The judge also considered his criminal history and the need for specific deterrence (that "four wake-up calls made no impact whatsoever").

Finally, counsel and Bedenfield consider arguing that counsel was ineffective in two respects. First, they ask whether Bedenfield's trial counsel was ineffective because of a conflict of interest—trial counsel had been paid by one of Bedenfield's (uncharged)

co-conspirators who had supplied Bedenfield with heroin. Under this theory, trial counsel's performance was compromised because he instructed Bedenfield to "minimize the involvement" of this supplier, despite Bedenfield's desire to cooperate truthfully with investigators. Second, Bedenfield argues that his appellate counsel was ineffective and violated his ethical responsibilities by refusing to challenge Bedenfield's § 924(c) conviction as he requested. The right to effective assistance of counsel includes the right to representation that is not adversely affected by a conflict of interest, *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004); *see also Cuyler v. Sullivan*, 446 U.S. 335, 348, 350 (1980), but ineffective-assistance claims are best reserved for collateral review so that a fuller record can be developed. *See United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014); *Lipson v. United States*, 233 F.3d 942, 943–44, 47 (7th Cir. 2000).

For these reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.