NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted April 17, 2014[*]
Decided November 10, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2772

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:11cr170-001 |
| CORTEZ HUMPHREY, | |
| *Defendant-Appellant*. | **Rudy Lozano**, |
| | *Judge*. |

**O R D E R**

---

   [*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Operating out of their home in University Park, Illinois, Cortez Humphrey and his girlfriend supplied heroin for redistribution in Indiana. Humphrey pleaded guilty to conspiring to possess heroin with intent to distribute and conspiring to distribute heroin. See 21 U.S.C. §§ 841(a)(1), 846. The plea agreement contained an appeal waiver under which Humphrey agreed to waive his right to contest his conviction, his sentence, or the manner in which his conviction and sentence were determined or imposed. The district court sentenced Humphrey to 168 months' imprisonment, well below the calculated guidelines range of 360 months to life. Despite his appeal waiver, Humphrey appeals. His appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). Humphrey was given an opportunity to respond to the brief pursuant to Circuit Rule 51. Upon his motion, we extended his time to file a response, but the extended time passed without any response by him.

Humphrey advised his appointed appellate counsel that he wishes to withdraw his guilty plea, so counsel properly considered challenging whether the plea was knowing and voluntary. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). We agree with counsel that the district court complied with the requirements of Federal Rule of Criminal Procedure 11. The court discussed the rights Humphrey would give up by pleading guilty, possible maximum and statutory minimum penalties, and sentencing procedures, as well as ensured the plea's voluntariness and factual basis. See Fed. R. Crim. P. 11(b); *United States v. Bowlin*, 534 F.3d 654, 656–57 (7th Cir. 2008); *United States v. Blalock,* 321 F.3d 686, 688 (7th Cir. 2003); *United States v. Schuh*, 289 F.3d 968, 974 (7th Cir. 2002). We agree with counsel that any challenge to the guilty plea would be frivolous.

Counsel also considered challenging Humphrey's sentence. But as counsel noted, Humphrey's broad appeal waiver forecloses any challenge to his sentence except a claim that it exceeded the statutory maximum or that the appeal waiver itself resulted from ineffective assistance. Counsel observed further that an appeal waiver does not prevent a defendant from challenging a sentence based on an unconstitutional factor. *United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014); *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). Our

review of the record confirms that a challenge on any of these remaining grounds would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.