NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015
Decided January 7, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 14-1817 & 14-1865

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeals from the United States District<br>Court for the Central District of Illinois. |
| *v.* | Nos. 12-cr-40020-002 & 12-cr-40020-004 |
| JAMES ERIC GILLIAM and<br>DERRICK JEROD BOOKER,<br>    *Defendants-Appellants*. | James E. Shadid,<br>*Chief Judge*. |

### O R D E R

James Gilliam and Derrick Booker were part of a Quad Cities drug ring that sold crack cocaine from 2006 through 2011. Both men pleaded guilty to conspiracy to possess and distribute crack, *see* 21 U.S.C. §§ 846, 841(a)(1), and waived the right to appeal as part of a plea agreement. The district court found that each defendant is a career offender under the sentencing guidelines, *see* U.S.S.G. § 4B1.1, with a corresponding imprisonment range of 188 to 235 months. The court sentenced Gilliam to 120 months' imprisonment and Booker to 188 months' imprisonment. Both defendants filed a notice of appeal, and we consolidated the cases for briefing and disposition. Appointed counsel for each defendant separately asserts that his client's appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited both

defendants to respond to his lawyer's submission, *see* CIR. R. 51(b), but we received only a series of letters from Booker asking us to appoint substitute counsel. Each lawyer's *Anders* submission explains the nature of the case and adequately addresses the points that an appeal of this kind might be expected to involve, and thus we limit our review to the subjects counsel discuss. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Each appellate lawyer begins by analyzing whether Gilliam or Booker could challenge the adequacy of his plea colloquy or the voluntariness of his guilty plea. Yet Gilliam's attorney does not say whether he consulted his client about the possibility of challenging his guilty plea, and Booker's lawyer reports that his client never answered such inquiries. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). This uncertainty does not require that we deny these *Anders* submissions, however, because the discussion in the briefs and our own review of the record persuades us that any challenge to the voluntariness of the guilty pleas would be frivolous. In both cases we would be limited to reviewing for plain error since neither defendant sought to withdraw his plea in the district court. *See United States v. Davenport,* 719 F.3d 616, 618 (7th Cir. 2013).

We agree with the lawyers that the district court substantially complied with Federal Rule of Criminal Procedure 11, which is enough to shield the guilty pleas from challenge on direct appeal. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). The district court conducted a single plea colloquy for both defendants but addressed the men separately as necessary to comply with Rule 11(b). With only minor exceptions that colloquy was thorough. The court did neglect to state explicitly that Gilliam and Booker could be prosecuted for perjury if they lied under oath during the proceeding, *see* FED. R. CRIM. P. 11(b)(1)(A), but that oversight was harmless because perjury charges are not pending or contemplated for either defendant. S*ee Blalock,* 321 F.3d at 689; *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). The court also overlooked the possibility of restitution, *see* FED. R. CRIM. P. 11(b)(1)(K), but again the omission was harmless because restitution was not imposed and the defendants were admonished about the prospect of a fine up to $2 million. *See United States v. Fox*, 941 F.2d 480, 484–85 (7th Cir. 1991).

It follows that these appeals are frivolous. Although only Booker's lawyer makes note of the appeal waivers, both defendants agreed to a broad waiver of his right to challenge his conviction or sentence on direct appeal or in a collateral proceeding. An appeal waiver stands or falls with the guilty plea, and because neither of the defendants

can press a nonfrivolous appellate claim about the voluntariness of his guilty plea, we must enforce the waivers. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011). Given the appeal waivers, we would not even reach the potential issues that counsel for Gilliam contemplates about his client's designation as a career offender and the reasonableness of his prison term.

In each appeal the motion to withdraw is GRANTED, and the appeal is DISMISSED. Booker's pro se request for appointment of substitute counsel is DENIED.