┌─────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2185

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br> *v.* <br><br> CHRISTOPHER M. RACHELL, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:12CR00185-003 <br><br> Sarah Evans Barker, <br> *Judge*. |

**O R D E R**

Christopher Rachell pleaded guilty to conspiring to possess and distribute marijuana, *see* 21 U.S.C. §§ 846, 841(a), and he was sentenced to 120 months' imprisonment. Rachell's plea agreement includes an appeal waiver, but he filed a notice of appeal anyway. His appointed counsel represents that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited Rachell to respond to counsel's motion, *see* CIR. R. 51(b), but he has not. Counsel's supporting brief explains the nature of the case and discusses points that could be expected to arise on appeal, and because his analysis appears to be thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel says that Rachell has given conflicting answers about whether he wants to challenge his guilty plea, so counsel first considers whether Rachell could claim on appeal that the district judge did not comply with Federal Rule of Criminal Procedure 11(b) before accepting the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel points out that the plea agreement, which provided for a prison sentence of 100 to 120 months, was binding on the district court once the judge accepted it. *See* FED. R. CRIM. P. 11(c)(1)(C), (c)(3)(A); *United States v. Sanford*, 806 F.3d 954, 960 (7th Cir. 2015). Counsel also represents, and we agree, that the transcript of the plea colloquy shows that the district court substantially complied with Rule 11. The court advised Rachell of the trial rights he was waiving by pleading guilty, the charges against him including a dismissed firearm count that would have required a consecutive prison sentence, and the judge's limited discretion to impose a sentence from 100 to 120 months' imprisonment, based on the plea agreement. *See* FED. R. CRIM. P. 11(b)(1); *United States v. Blalock,* 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). The court also ensured that Rachell's guilty plea was supported by an adequate factual basis and made voluntarily. *See* FED. R. CRIM. P. 11(b)(2), (3). Thus, as counsel recognizes, an appellate claim contesting Rachell's guilty plea would be frivolous.

It follows, says counsel, that the entire appeal is frivolous because Rachell's plea agreement includes an appeal waiver. We agree, since an appeal waiver stands if the underlying guilty plea stands. *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010). In any event Rachell's appeal would be frivolous despite the waiver because he bargained for, and received, a specific sentence. He cannot appeal that sentence because it does not exceed what he bargained for, and neither has counsel identified any reason to conclude that the sentence was imposed in violation of law. *See* 18 U.S.C. § 3742(a)(1), (c)(1); *Sanford*, 806 F.3d at 960–61; *United States v. Cieslowski*, 410 F.3d 353, 363 (7th Cir. 2005); *United States v. Gibson*, 356 F.3d 761, 766–67 (7th Cir. 2004).

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.