NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2016
Decided May 25, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-3720

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:14CR28-001 |
| EDWIN TOLLINCHI-RODRIGUEZ, | |
| *Defendant-Appellant.* | Rudy Lozano, *Judge.* |

**O R D E R**

Edwin Tollinchi-Rodriguez told an 11-year-old girl in his care that he needed medical attention and would take her along to the hospital as an English translator. Instead, he drove her from Indiana to a hotel in Illinois where he sexually assaulted her. After the two returned to Indiana, the girl called the police and disclosed that Tollinchi-Rodriguez had been sexually abusing her for more than three years and had threatened to kill her and her family if she told anyone. The investigation was referred to federal authorities, and Tollinchi-Rodriguez agreed to plead guilty to an information charging him with transporting a minor in interstate commerce with intent to engage in a sex offense, *see* 18 U.S.C. § 2423(a). As part of the written plea agreement, Tollinchi-Rodriguez agreed not to challenge his conviction or sentence on direct appeal

except for a claim of ineffective assistance of counsel relating directly to negotiation of the plea agreement. Tollinchi-Rodriguez pleaded guilty before a magistrate judge, and the district court judge accepted the plea based on the magistrate judge's unopposed recommendation.

A probation officer calculated a total offense level of 43 and a criminal history category of II, yielding a guidelines imprisonment range of life. After reviewing that report, Tollinchi-Rodriguez obtained substitute counsel and moved to withdraw his guilty plea on the ground that the plea was coerced by ineffective assistance by his previous lawyer. At an evidentiary hearing Tollinchi-Rodriguez explained that the recommended life sentence was longer than he had expected based on his lawyer's representations. The district court denied Tollinchi-Rodriguez's motion. The court adopted the probation officer's guidelines calculations and imposed a below-guidelines sentence of 450 months' imprisonment to be followed by 20 years' supervised release.

Tollinchi-Rodriguez filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Tollinchi-Rodriguez has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief is adequate, we limit our discussion to the issues identified in that brief. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In his *Anders* submission counsel informs us that "[i]t is clear from the record that Tollinchi-Rodriguez wished to withdraw his plea of guilty," and evaluates whether Tollinchi-Rodriguez could challenge the voluntariness of his guilty plea or the district court's refusal to allow him to withdraw that plea. Counsel neglects to say, however, whether he discussed these possibilities with his client. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Yet counsel's omission does not require that we deny the *Anders* motion because counsel's discussion and our review of the record persuades us that any appellate claim would be frivolous.

Counsel considers whether Tollinchi-Rodriguez could argue that the district court abused its discretion in refusing to let him withdraw his guilty plea. Counsel concludes, and we agree, that this potential challenge would be frivolous. During the hearing on Tollinchi-Rodriguez's motion, the district court concluded that his guilty plea was voluntary, and that the only reason Tollinchi-Rodriguez gave for asking to

withdraw his plea was that his attorney did not warn him about the possibility of such a high recommended sentence. But underestimating the guidelines imprisonment range does not justify withdrawing a guilty plea. *See United States v. Redmond*, 667 F.3d 863, 872 (7th Cir. 2012); *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008).

The magistrate judge who conducted the plea colloquy (with Tollinchi-Rodriguez's consent) ensured that the defendant's guilty plea was knowing and voluntary by complying with Federal Rule of Criminal Procedure 11. The court had admonished Tollinchi-Rodriguez about the nature of the charge, the statutory maximum and minimum penalties, the trial rights he was giving up, the role of the sentencing guidelines, and the consequences of the appeal waiver. *See* FED. R. CRIM. P. 11(b); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997); *United States v. Lovett,* 844 F.2d 487, 491 (7th Cir. 1988). Tollinchi-Rodriguez had concurred with the written factual basis in his plea agreement and had assured the court that he was satisfied with counsel's efforts on his behalf. Nothing about the plea colloquy suggests that Tollinchi-Rodriguez's guilty plea was involuntary, and as the district court found after an evidentiary hearing, Tollinchi-Rodriguez's later dissatisfaction with his plea resulted from seeing the presentence report, not from deficient performance by former counsel.

Because Tollinchi-Rodriguez's guilty plea was voluntary and the district court did not abuse its discretion in denying his motion to withdraw that plea, it follows, says counsel, that this appeal is frivolous given Tollinchi-Rodriguez's broad appeal waiver. We agree with that assessment and we must enforce Tollinchi-Rodriguez's waiver. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011),

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.